**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-151 DOC (RNBx)                                                          Date: June 21, 2010

Title: NAZOMI COMMUNICATIONS, INC. V. NOKIA CORPORATION, NOKIA INC., MICROSOFT CORPORATION, AMAZON.COM, INC.,, WESTERN DIGITAL TECHNOLOGIES, INC., GARMIN LTD., GARMIN CORPORATION, GARMIN INTERNATIONAL, INC., GARMIN USA, INC., SLING MEDIA, INC., VIZIO, INC., IOMEGA CORPORATION

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                        Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Stephanie Mikhail                             Not Present
  Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                   NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MOTION TO INTERVENE; DENYING WITHOUT PREJUDICE MOTION TO TRANSFER

        Before the Court are the following submissions: (1) Proposed Intervenors-Defendants ARM, Ltd. and ARM, Inc.'s Motion to Transfer Venue (the "Motion to Transfer"); and (2) Proposed-Intervenors-Defendants ARM, Ltd., and ARM, Inc.'s Motion to Intervene (the "Motion to Intervene"). The Court finds the matters appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion to Intervene and DENIES WITHOUT PREJUDICE the Motion to Transfer.

**I.      Background**

        This lawsuit arises out of the alleged infringement of Plaintiff Nazomi Communications, Inc. ("Nazomi")'s patents by the twelve defendants. Nazomi claims to have conceived certain products

that enhance the performance of Java technology.  Compl. ¶¶ 18-21.

The United States Patent and Trademark Office (USPTO) issued two patents at issue in this lawsuit.  On July 18, 2006, the USPTO issued United States Patent No. 7,080,362 (the '362 patent) entitled "Java virtual machine hardware for RISC and CISC processors." *Id.* ¶ 19.  On May 29, 2007, the USPTO issued United States Patent No. 7,225,436 (the '436 patent) entitled "Java hardware accelerator using microcode engine." *Id.* ¶ 20.

Nazomi alleges that all twelve defendants manufacture consumer electronics products that infringe on the '362 and '436 patents.  Defendants Nokia Corporation and Nokia Inc. (collectively "Nokia") manufacture the Nokia 770 internet tablet.  *Id.* ¶ 23.  Defendant Microsoft Corporation ("Microsoft") manufactures the Microsoft Zune personal music player.  *Id.* ¶ 24.  Defendant Amazon.com ("Amazon") manufactures the Kindle 2 eReader.  *Id.* ¶ 25.  Defendants Western Digital Corporation and Western Digital Technologies, Inc. (collectively "Western") manufacture the My Book World Edition – an external hard drive network storage device.  *Id.* ¶ 26.  Defendants Garmin Ltd., Garmin Corporation, Garmin International, Inc., and Garmin USA (collectively "Garmin") manufacture the Nuvi 205 personal navigation device.  *Id.* ¶ 27.  Defendant Sling Media, Inc. ("Sling") manufactures the Slingbox Pro-HD remote personal video recorder.  *Id.* ¶ 28.  Defendant VIZIO, Inc. ("VIZIO") manufactures the VIZIO L37 and VL320M high definition televisions.  *Id.* ¶ 29.  Defendant Iomega Corporation ("Iomega") manufactures the Home Media Network Hard Drive network-attached storage device.  *Id.* ¶ 30.

All of these products are alleged to employ "processor cores" "capable of Java hardware acceleration."  *See id.* ¶¶ 23-30.  The processors are not alleged to have been manufactured by Defendants.  Instead, the processor cores are the ARM926TEJ, ARM1136JF-S, ARM926EJ-S, ARM926J, and ARM926EJ, all of which are designed by proposed intervenor-defendants ARM, Ltd. and ARM, Inc. (collectively "ARM") and manufactured by ARM's licensees.[1]

This lawsuit is directed at the manufacturers of products that incorporate potentially infringing technology.  Nazomi has challenged the infringing technology before.  On May 23, 2002, Nazomi filed a lawsuit against ARM and other Defendants in the Northern District of California, in a lawsuit entitled *Nazomi Commc'n, Inc. v. Arm Holdings, PLC*, No. 5:02-cv-02521-JF (N.D. Cal.).  That lawsuit alleged, *inter alia*, ARM's infringement of a separate patent held by Nazomi (United States Patent No. 6,332,215 (the '215 patent), entitled "Java Virtual Machine Hardware for RISC and CISC Processors").  *See* Docket 1, No. 5:02-cv-02521 JF (N.D. Cal.) ¶ 9.  Judge Jeremy Fogel granted ARM's motion for partial summary judgment as to non-infringement in that action, upon construing a single term – "instruction" – in the '215 patent.  *See* Docket 242, 261.

---

[1] The precise design of the ARM processor cores is irrelevant to the pending motions.

Nazomi's principal place of business is in Santa Clara, California. Compl. ¶ 4. Nokia's principal places of business are in Finland (Nokia Corporation) and Irving, Texas (Nokia Inc.). *Id.* ¶¶ 5-6. Microsoft's principal place of business is in Redmond, Washington. *Id.* ¶ 7. Amazon.com's principal place of business is in Seattle, Washington. *Id.* ¶ 8. Western Digital Corporation's principal places of business are in Lake Forest, California. *Id.* ¶¶ 9-10. Garmin's principal places of business are in the Cayman Islands (Garmin Ltd.), Taiwan (Garmin Corporation), and Kansas (Garmin International, Inc. and Garmin USA, Inc.). *Id.* ¶¶ 13-14. Sling Media's principal place of business is in Foster City, California. *Id.* ¶ 15. VIZIO's principal place of business is in Irvine, California. *Id.* ¶ 16. Finally, Iomega's principal place of business is in San Diego, California. *Id.* ¶ 17.

## II. Discussion

Proposed Intervenor-Defendants move to intervene and move to transfer venue of this action to the Northern District of California pursuant to 28 U.S.C. § 1404. Garmin joins in both motions.

### A. Motion to Intervene[2]

ARM argues that it should be allowed to intervene as a matter of right. In the alternative, ARM argues that the facts warrant permissive intervention.

#### 1. Intervention as a Matter of Right

Rule 24 provides in relevant part that a party may intervene as a matter of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Court applies Ninth Circuit precedent in resolving this entirely procedural issue. *See Atasi Corp. v. Seagate Tech.*, 847 F.2d 826, 829 (Fed. Cir. 1988) (holding that procedural issues are governed by the law "of the particular regional circuit court where appeals from the district court would normally lie.").

---

[2] Nazomi argues that the Motion to Intervene should be denied as a result of ARM's non-compliance with Fed. R. Civ. P. 24(c), which requires that "[a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervening and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." ARM's Motion to Intervene did not attach a proposed pleading. However, ARM did file a Proposed Answer after Nazomi's Opposition was filed. *See* Docket 77. In any event, the failure to comply with Rule 24(c) is not a proper grounds upon which to deny an otherwise supported and meritorious motion under Rule 24(a). *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009).

The Ninth Circuit has identified four factors that the district court must apply when determining whether the facts support intervention as a matter of right. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The factors closely track the language of the Rule; specifically, an applicant must show that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir. 2002) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).

The Court observes the following "analytical framework" when determining whether a proposed intervenor has a "significant protectable interest":

> An applicant has a "significant protectable interest" in an action if (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims. The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant. The "interest" test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the "interest" test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.

*Southern California*, 307 F.3d at 803.

Though ARM is not a named defendant, the processor core it designs is incorporated into every one of the products at issue in this lawsuit. *See* Compl. ¶¶ 23-30. (alleging that ARM's technology infringes the '362 and '436 patents). Nazomi does not dispute that the named defendants do not design or manufacture the underlying technology. *See* Opp. to Motion to Intervene at 6. ARM and its licensees are the entities that design and manufacture the technology at issue. *See* Mot. to Intervene at 6. Defendants' products merely "incorporate" the processor cores designed by ARM. *See* Compl. ¶¶ 23-30.

A potential finding that Defendants' products infringed Plaintiff's patents has implications for ARM. First, as ARM notes, "ARM's ability to supply products to its customers is directly threatened by Nazomi's Complaint, which seeks a finding that Defendants' products are infringing because of their inclusion of certain specifically identified ARM processor cores." *See* Mot. to Intervene at 9. Nazomi responds that an economic interest in the outcome of a litigation does not constitute a "significant protectable interest." *See* Opp. to Mot. to Intervene at 6.

Nazomi's argument is unavailing here.  In *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004), the court reinforced its prior holding that "a non-speculative, economic interest may be sufficient to support a right of intervention." *Id.* at 919 (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1088 (9th Cir. 2003)).  This economic interest "must be concrete and related to the underlying subject matter of the lawsuit." *Id.* at 919-20.  A mere economic interest in the outcome of the lawsuit is itself insufficient to give rise to a right to intervene.  *See Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).

It is worth noting that Nazomi Complaint puts ARM's products at issue.  That fact renders Nazomi's authorities inapposite.  In *Blake v. Pallan*, for example, the Commissioner of Corporations of the State of California sought to intervene as a plaintiff in a putative class action filed by investors against certain businesses and individuals.  554 F.2d 947, 950 (9th Cir. 1977).  The Commissioner claimed an interest in the investors' action on the grounds that (1) the district court's application of federal securities law would potentially influence state courts' application of state securities laws; (2) the district court could issue rulings on pendent state securities law claims; (3) the Commissioner had a charge to seek restitution on behalf of the investor victims; and (4) the public had an interest in the faithful execution of securities laws.  *See id.* at 952-54.  The court disagreed and held that a decision adverse to the Commissioner's claimed interests would not have a concrete, direct, and predictable impact upon the Commissioner.  The same is not true of ARM here – it would suffer immediate financial loss were Nazomi to prevail.

*Greene* is likewise unavailing to Nazomi.  In *Greene*, the Tulalip Tribes sought to intervene in an action between the Samish Tribe and the Department of Interior, in which the federal government's acknowledgment of the Samish as an Indian tribe was at issue.  996 F.2d at 975.  The Tulalip Tribe claimed that "federal acknowledgment of the Samish as an Indian tribe will lead to the dilution of treaty fishing rights." *Id.*  Not only did Tulalip's claimed interest – treaty fishing rights – have little to nothing to do with the "subject matter" of the lawsuit, *see Alisal Water*, 370 F.3d at 919, but the Ninth Circuit recognized that the likelihood that the issue of treaty fishing rights was immaterial to the resolution of the underlying claims, *see Greene*, 996 F.3d at 977 (noting that "the Samish need not assert treaty fishing rights to gain federal recognition").

Indeed, a number of district courts have granted intervention pursuant to Rule 24(a) in nearly identical circumstances.  In *Honeywell Int'l Inc. v. Audiovox Comms. Corp.*, No. Civ. A. 04-1337-KAJ, Civ. A. 04-1338-KAJ, Civ. A. 04-1536-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005), the district court held that the original manufacturer of a component installed in certain infringing products could intervene as a matter of right where its component was the focus of the lawsuit.  *Id.* at *4 (holding that original component manufacturer "correctly claims that it has met the test for intervention as a matter of right" in part because "as a manufacturer of the product component which is at the heart of these cases, it has a compelling interest"). *Lg Elecs., Inc. v. Q-Lity Computer, Inc. v. Asutek Computer, Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) was another case in which the court found that an equipment manufacturer has a protectable interest in the outcome of a lawsuit in which the

manufacturer's products are at issue.  *See id.* at 366 (granting motion to intervene for limited purpose of opposing motion for leave to amend complaint to add claims related to intervenor's product).[3]

ARM has a demonstrable economic interest in the property that is the subject of this action.  Nazomi's case hinges upon the allegation that products designed by ARM infringe Nazomi's patents.  These ARM products are embedded in consumer electronics manufactured by several major companies, including all of the companies that are named defendants in this lawsuit.  The Court therefore finds that ARM has a significant protectable interest.

ARM's interests will be affected by a disposition in Nazomi's favor.  A judicial finding in Nazomi's favor has the potential to frustrate ARM's customer relationships, ARM's foothold in the marketplace, and the integrity of ARM's designs.  This is not a mere "economic interest in the outcome of the lawsuit," but is a concrete and fundamental interest in the issues in this litigation.

Nazomi responds that a finding that ARM's products infringe Nazomi's patents will not have preclusive effect in any subsequent litigation between ARM and Nazomi.  But that is besides the point.  ARM's business model appears to be predicated upon relationships with the manufacturers of consumer electronics, as well as the vitality of the devices that employ ARM's products.  In this sense, ARM's position is no different from the proposed-intervenor in *Honeywell*, who stood to lose a large fraction of its market share as a result of the disposition of the underlying claims against the manufacturers who incorporated the intervenor's products.  *See* Fed. R. Civ. P. 24 advisory committee notes ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").

ARM's interest may not be adequately represented by any party to this lawsuit.  Indeed, the existing defendants have a strong incentive to disclaim knowledge of whether the sub-components in their products infringe Nazomi's patents or blame ARM for concealing the alleged infringement.  *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (holding that when evaluating adequacy of representation, district court must consider (1) whether the interest of the present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect).  Moreover, as

---

[3] Nazomi's Motion for Leave to File Sur-Reply in Opposition to the Motion to Intervene is GRANTED.  The Court has considered Nazomi's Sur-Reply, attached as Exhibit A.  Nazomi distinguishes *Honeywell* and *Lg Elecs.* on the grounds that both cases involved equipment manufacturers and not, as here, equipment designers (who outsource the manufacturing to licensees).  Nazomi's argument draws a distinction without a difference.  Whether ARM designs or manufactures the product is irrelevant to its interest, which is clear in light of the fact that its product lies at the "heart" of the lawsuit.  2005 WL 2465898, at *4.

ARM argues, the defendants may seek to settle this lawsuit and stipulate to a finding of infringement, even though ARM may stand to lose valuable market share from such a stipulation.  ARM also notes that it may assert defenses unavailable to the named defendants – an argument this Court finds convincing in light of the requirement that the existing parties make "all" the intervenor's arguments.  *See id.*

Finally, ARM's motion is timely.  No Scheduling Order has been entered in the instant lawsuit and the discovery process is not underway.  *See Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996).

Accordingly, the Court concludes that ARM is entitled to intervention as a matter of right under Rule 24(a).

### 2. Permissive Intervention

Even if a proposed intervenor may not intervene as a matter of right, a court may still permit intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(2)(B).  A motion for permissive intervention must show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *Nw. Forest Res. Council*, 82 F.3d at 839.  Once these initial showings are made, the court may consider "the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties."  *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).  The court must also examine "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

The ARM entities propose to intervene as defendants to this action.  *See generally* Mot. to Intervene.  And the Court finds convincing ARM's argument that a justiciable claim for declaratory judgment gives rise to jurisdiction.  *See MedImmune Inc. v. Gentech Inc.*, 549 U.S. 118, 127 S.Ct. 764, 771 (2007).

The remaining factors support permissive intervention.  First, the motion is timely, since this lawsuit is in its early stages and discovery has not commenced.  Second, products designed by ARM are directly at issue in this action; thus, the applicant's defense shares a question of fact with the main action.  Third, the Court has already discussed ARM's strong interest in this lawsuit as well as other parties' inability to properly represent ARM.

Finally, ARM's intervention will not cause undue delay or prejudice to the original parties' rights.  To the contrary, Nazomi concedes that ARM will be critical to the discovery process in this lawsuit.  Though Nazomi proposes that the parties simply subpoena ARM for relevant discovery, it is far more efficient for ARM to actually participate as a party to the lawsuit.

### 3. Disposition

For the foregoing reasons, the Court GRANTS the Motion to Intervene.

### B. Motion to Transfer

ARM and Garmin argue that this action should be transferred to the Northern District of California as a result of Judge Fogel's prior handling of a lawsuit involving the technology at issue here. ARM and Garmin also argue that the convenience of the parties and witnesses weighs in favor of transfer.

28 U.S.C. § 1404 provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The district court enjoys broad discretion in determining whether transfer is appropriate under section 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988)), *cert. denied*, 531 U.S. 928, 121 S.Ct. 307 (2000). The moving party bears the burden of showing that transfer is appropriate. *The Carolina Casualty Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

Two factors control the appropriateness of transfer under 28 U.S.C. § 1404(a). First, a court must determine whether "the case could have been brought in the forum to which transfer is sought." *Inherent.com*, 420 F. Supp. 2d at 1098; *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). After completing this step, the court must engage in an "individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498. The factors relevant to the court's determination include: "(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof and (9) any relevant public policy of the forum state." *Inherent.com*, 420 F. Supp. 2d at 1098 (citing *Jones*, 211 F.3d at 498-99).

It is clear that Judge Fogel's experience presiding over Nazomi's prior action against ARM weighs in favor of transfer, as it furthers the "interests of justice." *See Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009) ("The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a ***judge who is familiar*** with the applicable law try the case.") (emphasis added) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989)).

Judge Fogel examined Nazomi's '215 patent, which covered a technology bearing

material similarity to the technology covered by the '362 and '436 patents at issue in this case. *See* ARM's Reply in Support of Motion to Transfer at 3-4. Nazomi argues that the '215 patent is not the same as the '362 and '436 patent, but this argument is unavailing for two reasons. First, the patents may bear different registration numbers, but even the USPTO acknowledged the tremendous overlap between the claims in the three patents. *See* Anderson Decl., Ex. E-F ("Although the conflicting claims are not identical, they are not patentably distinct from each other because they are obvious variation of each other."). Second, the fact that the patents do not address identical issues does not meaningfully erode the rationale in favor of transfer. After all, Nazomi cannot dispute that Judge Fogel presided over and disposed of a case in which Nazomi itself was a plaintiff and in which Java acceleration software was at issue. That case, like this one, alleged patent infringement. And that case, like this one, related to specialized technology designed by ARM and manufactured by ARM's licensees.

Nevertheless, another judge's familiarity with a case "standing alone" is insufficient to justify transfer under section 1404. *See In re American Continental Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1548 (9th Cir. 1996), *rev'd on other grounds sub nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S.Ct. 956 (1998). The Court must therefore consider the remaining section 1404 factors to determine whether they weigh in favor of transfer.

As a preliminary matter, Nazomi challenges ARM's ability to move for transfer after intervening. Nazomi argues that ARM consents to the present venue by virtue of seeking to intervene.

The Ninth Circuit has rejected the argument that intervention strips a party of its ability to issue procedural objections. *See SEC v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007); *see also Coalition of Arizona v. Babbitt*, 100 F.3d 837, 844 (10th Cir. 1996) ("If a party has the right to intervene under Rule 24(a)(2), the intervenor becomes no less a party than others and has the right to file legitimate motions, including venue motions. It then becomes the charge of the district court to sort through the motions including, in this case, a possible motion to transfer."). Thus, ARM's status as intervenor does not bar its motion to transfer.

The Court must next determine whether this action could have been brought in the Northern District of California. Venue over actions involving patent infringement is governed by 28 U.S.C. § 1400, which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A corporation "resides" in any district in which it would have enough contacts to subject it to personal jurisdiction. *See* 28 U.S.C. § 1391(c).

In patent infringement cases involving multiple defendants, venue must be established as to each defendant. *See Gummow v. Superior Ratchet and Tool Co., Inc.*, 1997 WL 374406, at *5 (N.D. Ill. June 20, 2007). ARM, which manufactures the processor chips whose make-up is a core issue in this lawsuit, maintains its United States headquarters in the Northern District of California. *See* Newhouse Decl., Ex. 2-3. However, the parties have failed to establish that personal jurisdiction would

be proper as to every one of the named defendants in the Northern District of California. The burden to make this showing rests on ARM and Garmin, the moving parties. *See Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (citing William W. Schwarzer, A. Wallace Tashima and James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 4:296 at 4-78 (Rutter Group Practice Guide, 2000)).

The Court further acknowledges ARM's argument that "Defendants' sales of products in the Northern District of California are no different than Defendants' sales of products in this District." *See* Mot. to Transfer at 10; *see also* Garmin's Reply in Support of Motion to Transfer at 8 ("All defendants are national companies whose products are sold in the Northern District."). However, the mere sale of products in the Northern District is insufficient to establish that venue is proper under section 1400. And ARM and Garmin have failed to attach any documentary evidence to satisfy their burden of showing that venue is proper over *each Defendant* in the Northern District of California.

Having failed to satisfy the first prong of the section 1404 analysis, the Court declines to visit the remaining factors at this time.

For the foregoing reasons, the Motion to Transfer is DENIED WITHOUT PREJUDICE.[4]

The Clerk shall serve this minute order on all parties to the action.

---

[4] Nazomi's Motion for Leave to File Sur-Reply in Opposition to Motion to Transfer is DENIED AS MOOT.