PEPPER HAMILTON, LLP
Harry P. Weitzel (CA Bar No. 149934)
weitzelh@pepperlaw.com
Jeffrey M. Goldman (CA Bar No. 233840)
goldmanj@pepperlaw.com
4 Park Plaza, Suite 1200
Irvine, California 92614-5955
Telephone: (949) 567-3500
Facsimile: (949) 863-0151

William D. Belanger (MA Bar No. 657184)
belangerw@pepperlaw.com
James M. Wodarski (MA Bar No. 627036)
wodarskj@pepperlaw.com
Matthew D. Durell (GA Bar No. 142061)
durellm@pepperlaw.com
David A. Loo (MA Bar No. 669305)
lood@pepperlaw.com
*pro hac vice applications to be submitted*
125 High Street
15th Floor, Oliver Street Tower
Boston, Massachusetts 02110
Telephone: (617) 204-5100
Facsimile: (617) 204-5150

Attorneys for Plaintiff
NAZOMI COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Nazomi Communications, Inc., | Case No. 3:10-cv-04686-JF (HRL) |
| Plaintiff, | **NAZOMI COMMUNICATIONS, INC.'S ANSWER TO COUNTERCLAIM SET FORTH IN DEFENDANT SLING MEDIA INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| Nokia Corporation, et al. | |
| Defendants. | |

**Nazomi Communications, Inc. vs. Nokia Corp., et al.** Case No. 5:10-cv-04686-JF (HRL)

1.

**NAZOMI COMMUNICATIONS, INC.'S ANSWER TO DEFENDANT SLING MEDIA INC.'S COUNTERCLAIM**

Plaintiff Nazomi Communications, Inc. ("Nazomi") replies to Defendant Sling Media, Inc.'s ("Sling") counterclaim as follows:

### THE PARTIES

1.      Admitted.

2.      Admitted.

### JURISDICTION

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

### COUNTERCLAIM

### FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT

9.      In response to paragraph 9 of Sling's counterclaim, Nazomi incorporates its responses to paragraphs 1-8 of Sling's counterclaim as if fully set forth herein.

10.     Admitted.

11.     Paragraph 11 of Sling's counterclaim refers to Nazomi's First Amended Complaint, which speaks for itself.  To the extend further pleading is required, Nazomi admits that its First Amended Complaint does not include

allegations of indirect infringement against Sling.

12.    Paragraph 12 of Sling's counterclaim refers to Nazomi's First Amended Complaint, which speaks for itself.  To the extent further pleading is required, Nazomi admits that paragraph 24 of its First Amended Complaint identifies the Slingbox Pro-HD remote personal video recorder as an exemplary Sling product that incorporates an ARM926EJ-S processor core capable of Java hardware acceleration.  Nazomi also admits that its First Amended Complaint includes an allegation that Sling infringes the '362 by making, using, selling, and/or offering for sale within the United States the Slingbox Pro-HD remote personal video recorder.  Nazomi denies all other allegations in paragraph 12.

13.    Paragraph 13 of Sling's counterclaim refers to Nazomi's First Amended Complaint, which speaks for itself.  To the extent further pleading is required, Nazomi admits that paragraph 24 of its First Amended Complaint identifies the Slingbox Pro-HD remote personal video recorder as an exemplary Sling product that incorporates an ARM926EJ-S processor core capable of Java hardware acceleration.  Nazomi also admits that its First Amended Complaint includes an allegation that Sling infringes the '436 by making, using, selling, and/or offering for sale within the United States the Slingbox Pro-HD remote personal video recorder.  Nazomi denies all other allegations in paragraph 13.

14.    Admitted.

15.     Paragraph 15 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 15.

16.     Paragraph 16 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 16.

17.     Paragraph 17 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 17.

18.     Paragraph 18 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 18.

19.     Paragraph 19 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 19.

20.     Paragraph 20 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 20.

21.     Paragraph 21 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent

1   further pleading is required, Nazomi denies the allegations of paragraph 21.

2
3       22.     Paragraph 22 of Sling's counterclaim contains no statement of fact, but

4   instead only attorney argument to which no response is required.  To the extent

5   further pleading is required, Nazomi denies the allegations of paragraph 22.

6
7       23.     Admitted.

8       24.     Admitted.

9
10      25.     Admitted.

11      26.     Admitted.

12      27.     Admitted.

13
14      28.     Denied.

15      29.     Denied.

16      30.     Admitted.

17
18      31.     Nazomi is without sufficient information to form a belief as to the

19  truth of the allegations set forth in paragraph 31 of Sling's counterclaim and, on that

20  basis, denies those allegations.

21
22      32.     Nazomi is without sufficient information to form a belief as to the

23  truth of the allegations set forth in paragraph 32 of Sling's counterclaim and, on that

24  basis, denies those allegations.

25
26      33.     Nazomi is without sufficient information to form a belief as to the

27  truth of the allegations set forth in paragraph 33 of Sling's counterclaim and, on that

28

basis, denies those allegations.

34.     Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 34 of Sling's counterclaim and, on that basis, denies those allegations.

35.     Paragraph 35 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 35 of Sling's counterclaim and, on that basis, denies those allegations.

36.     Paragraph 36 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 36.

37.     Paragraph 37 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 37 of Sling's counterclaim and, on that basis, denies those allegations.

38.     Paragraph 38 of Sling's counterclaim contains no statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi is without sufficient information to form a

belief as to the truth of the allegations set forth in paragraph 38 of Sling's

counterclaim and, on that basis, denies those allegations.

  39. Denied.

  40. Denied.

  41. Denied.

  42. Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 42 of Sling's counterclaim and, on that basis, denies those allegations.

  43. Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 43 of Sling's counterclaim and, on that basis, denies those allegations.

  44. Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 44 of Sling's counterclaim and, on that basis, denies those allegations.

  45. Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 45 of Sling's counterclaim and, on that basis, denies those allegations.

  46. Denied.

  47. Denied.

  48. Denied.

49.  Denied.

50.  Admitted.

51.  Admitted.

52.  Admitted.

53.  Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 53 of Sling's counterclaim and, on that basis, denies those allegations.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Paragraph 57 of Sling's counterclaim does not set forth any statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 57.

58.  Paragraph 58 of Sling's counterclaim does not set forth any statement of fact, but instead only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies the allegations of paragraph 58.

59.  Denied.

60.  Denied.

61.  Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 61 of Sling's counterclaim and, on that

1   basis, denies those allegations.

2
3       62.     Nazomi is without sufficient information to form a belief as to the

4   truth of the allegations set forth in paragraph 62 of Sling's counterclaim and, on that

5   basis, denies those allegations.

6
7       63.     Nazomi is without sufficient information to form a belief as to the

8   truth of the allegations set forth in paragraph 63 of Sling's counterclaim and, on that

9   basis, denies those allegations.

10
11      64.     Nazomi is without sufficient information to form a belief as to the

12  truth of the allegations set forth in paragraph 64 of Sling's counterclaim and, on that

13  basis, denies those allegations.

14
15      65.     Denied.

16      66.     Denied.

17
18      67.     Denied.

19      68.     Denied.

20      69.     Admitted.

21
22      70.     Denied.

23      71.     Denied.

24
25      72.     Nazomi is without sufficient information to form a belief as to the

26  truth of the allegations set forth in paragraph 72 of Sling's counterclaim and, on that

27  basis, denies those allegations.

28

73.     Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 73 of Sling's counterclaim and, on that basis, denies those allegations.

74.     Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 74 of Sling's counterclaim and, on that basis, denies those allegations.

75.     Nazomi is without sufficient information to form a belief as to the truth of the allegations set forth in paragraph 75 of Sling's counterclaim and, on that basis, denies those allegations.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Paragraph 82 of Sling's counterclaim is not a statement of fact, but instead sets forth only attorney argument to which no response is required.  To the extent further pleading is required, Nazomi denies that Sling is entitled to a declaration that it has not infringed and is not infringing the '362 and '436 patents.

1
2

## SLING'S PRAYER FOR RELIEF

3

Nazomi denies that Sling is entitled to a judgment in its favor or to any of its

4

requested relief.

5
6

## SLING'S DEMAND FOR JURY TRIAL

7

Nazomi admits that Sling demands a trial by jury on all issues so triable.

8
9
10

Dated:  February ____, 2011         PEPPER HAMILTON LLP

11

/s/ Harry Weitzel
                                              Harry P. "Hap" Weitzel

12
13

Attorney for Plaintiff
NAZOMI COMMUNICATIONS, INC.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28