**E-Filed 07/14/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Nazomi Communications, Inc., | Case Number 10-CV-4686 |
| Plaintiff, | **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**[1] |
| v. | |
| Nokia Corporation, Nokia Inc., Microsoft Corporation, Amazon.com, Inc., Western Digital Corporation, Western Digital Technologies, Inc., Garmin Corporation, Garmin International, Inc., Garmin USA, Inc., Sling Media, Inc., VIZIO, Inc., Iomega Corporation, | [re: docket no. 249] |
| Defendants. | |

Defendants Nokia Corporation and Nokia Inc. (collectively, "Nokia") move for judgment on the pleadings with respect to the first amended complaint ("FAC") of Plaintiff Nazomi Communications, Inc. ("Nazomi"). The Court has considered the moving and responding papers and the oral arguments of counsel presented at the hearing on June 24, 2011. For the reasons discussed below, the motion will be granted, with leave to amend.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

Nazomi was incorporated for the purpose of enhancing the performance of applications that run on Java and other universal runtime platforms. Leading phone manufacturers have adopted Nazomi's technology and products and incorporated them into millions of smartphones. (FAC ¶ 15) On June 18, 2006, the United States Patent and Trademark Office ("USPTO") awarded Nazomi a patent for a "Java virtual machine hardware for RISC and CISC processors" ("the '362 patent"). On May 29, 2007, the USPTO awarded Nazomi a separate patent for a "Java hardware accelerator using microcode engine" ("the '436 patent"). (*Id.* at ¶¶ 16, 17) Nokia sells consumer electronics products containing processors capable of Java hardware acceleration. (*Id.* at ¶ 19) Nazomi alleges that the Nokia 770 Internet tablet incorporates such a processor (*Id.* at ¶ 20), and that by selling this device and its accompanying manual Nokia is liable for inducing infringement of Nazomi's patents. (*Id.* at ¶¶ 26-35)

## II. LEGAL STANDARD

After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Rule 12(c) is functionally identical to Rule 12(b)(6), and "the same standard of review applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Dismissal under Rule 12(b)(6), and by analogy under 12(c), is appropriate only where the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion for judgment on the pleadings, therefore, the plaintiff's allegations are taken as true, and the complaint is to be "liberally construed in favor of plaintiff." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). To survive a motion for judgment on the pleadings, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570

(2007)). Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

### III. DISCUSSION

Anyone who actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C. § 271(b). Inducement to infringe occurs when one knowingly causes, urges, encourages, *or* aids another in infringing. *Nationwide Chem. Corp. v. Wright*, 192 U.S.P.Q. 96, 104 (M.D. Fla. 1976). To prove inducement, the patentee must show both that there has been direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement. *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Activities occurring prior to the issuance of a patent cannot, as a matter of law, constitute infringement by inducement. *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996).

**A. Reliance on Prior Acts**

Nokia asserts that both Nazomi's original complaint and the operative amended complaint rely upon acts that predate the issuance of the patents-in-suit; for example, Nokia authored and distributed the allegedly infringing Nokia 770 User Manual in 2005, before either of the subject patents were issued. The principle of liability for "aiding and abetting" the wrongful acts of others cannot be imposed retrospectively, to make illegal an act that was not illegal when it was done. *Nat'l Presto Indus.*, 76 F.3d at 1196. If the act that was abetted was not illegal at the time of abetment, but depended on some future event that might not occur, such as issuance of the patent, liability cannot be imposed retroactively. *Id.*

Nazomi claims that the relevant date is not when the manual was written but rather when Nazomi notified Nokia of the existence of the patents-in-suit and of the harm of infringement that the published manual creates. Nazomi also claims that Nokia had actual knowledge of direct infringement because Nazomi told Nokia that direct infringement was occurring. However, as noted above, the issuance of the patents-in-suit could not create liability based upon

1  Nokia's prior distribution of the 770 User Manual.

**B. Actual Knowledge and Willful Blindness**

Inducement requires a showing that the "alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). The "plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Inducement to infringe under Section 271(b) requires knowledge that the induced acts constitute patent infringement. Resolving an ambiguity in the statutory language, the Supreme Court held recently that actual knowledge is not required, and that the intent may be shown under the willful blindness doctrine. *Global-Tech Appliances, Inc. et al. v. SEB S.A.*, 131 S.Ct. 2060, 2068-70. Under this doctrine, the defendant must (1) believe subjectively that there is a high probability that a fact exists, and (2) take deliberate actions to avoid learning of that fact. *Id*. at 2070-71.

While Nazomi alleges conclusorily that Nokia "actively and knowingly" induced end-users to infringe the patents in suit, Nazomi does not allege specific facts that support this conclusion. Particularly in light of the Supreme Court's recent clarification of the applicable legal standard in *Global-Tech*, Nazomi must articulate more fully the factual bases of the inducement claim.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for judgment on the pleadings is GRANTED, WITH LEAVE TO AMEND. Any amended pleading shall be filed within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

Dated: 07/14/2011



JEREMY FOGEL
United States District Judge

4

Case No. 10-CV-4686 JF
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
(JFEX1)