**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**NAZOMI COMMUNICATIONS, INC.**

**V.**

**NOKIA CORP., et al.**

**NO. 5:10-cv-04686 RMW (HRL)**

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order:

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage; and

3. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and which are disclosed or produced to the attorney for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below. Documents may also be designated "HIGHLY CONFIDENTIAL — SOURCE CODE," subject to the provisions stated herein.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment. By way of non-limiting example, Protected Documents in one or more of the following categories may qualify for the "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation: (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins); (iii) non public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; and (vii) information obtained from a non-party pursuant to a current non-disclosure Non-Disclosure Agreement ("NDA").

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery and receipt of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed. On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES Only information and the receiving party shall establish that the information is an appropriate target of discovery. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

4. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Subject to the limitations set forth in this Order, Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

A. Counsel of record in this action and other disclosed outside counsel for the party or parties receiving Protected Documents or any information contained therein;

B. Employees of such counsel (excluding experts and investigators) and outside vendors used to process documents assigned to and necessary to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

C. The Court;

D. Experts or consultants that are disclosed and qualified pursuant to the terms of paragraph 19 below; and

E. Two (2) in-house counsel for each party, and any employees actually assisting outside counsel or such in-house counsel in preparation of this case, provided that such persons sign the Agreement attached hereto as Exhibit A.

Except that, Protected Documents designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not be disclosed to any person allowed access under paragraph 5.E. Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information received by the party — provided that such rendering of advice and opinions shall not reveal the content of such Protected Documents and any information contained therein except by prior written agreement with counsel for the producing

party. Counsel receiving “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY” Protected Documents may not use such information to provide advice or opinions to facilitate prosecution of any patents, to otherwise attempt to secure patent claims (e.g., reissue, reexamination, and certificates of correction), or for any purpose not related to this case. Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

6. Protected Documents designated “HIGHLY CONFIDENTIAL — SOURCE CODE” shall be provided with the following further protections:

A. HIGHLY CONFIDENTIAL — SOURCE CODE includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions (hereinafter referred to as “source code”). Text files containing source code shall hereinafter be referred to as “source code files.” Source code files include, but are not limited to files containing source in “C”, “C++”, assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages. Source code files further include “.include files,” “make” files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.

B. Treatment of Source Code. To the extent that either party wishes to obtain access to source code, the following procedures shall apply:

i. The producing party shall make all relevant and properly requested source code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows

operating system ("Source Code Computer"). Should it be necessary, other mutually agreed upon operating systems, such as Linux, may also be made available by the producing party.

ii. The producing party shall make the source code available electronically and in text searchable form in outside counsel for the producing party's offices in either Washington DC or the Central District of California.

iii. In order to verify that its source code has not later been altered, the producing party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

iv. The receiving party may use appropriate tool software on the Source Code Computer, which shall be installed by the producing party, including text editors and multi-file text search tools such as "grep." Specific tools may include (but not be limited to): Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or similar programs. Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of agreed upon tool software shall be downloaded and installed on the Source Code Computer by the producing party, and paid for by the receiving party.

v. The Source Code Computer shall be made available from 9 am to 7 pm local time, Monday through Friday (excluding holidays), and other days and/or times, including weekends, upon reasonable request until the close

of discovery in this action. Access on weekends or after hours shall be permitted only on three days advanced written notice.

vi. The source code is to be treated as HIGHLY CONFIDENTIAL — SOURCE CODE. In addition, the source code is to be treated as CONFIDENTIAL — ATTORNEYS' EYES ONLY, and the receiving party may not disclose the source code to anyone who has not undertaken to abide by the Protective Order. No employee of the receiving party may access or obtain the source code. In no case shall any information designated as HIGHLY CONFIDENTIAL — SOURCE CODE by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the information.

vii. No more than five (5) individuals who qualify under the paragraph 5A or 5D, above, for the receiving party, may have access to the Source Code Computer. In addition, no more than ten (10) additional attorneys and/or experts who qualify under paragraph 5A or 5D, above, for the receiving party, may have access to printed copies of any portion of the producing party's source code. Each time counsel for the receiving party requests a review of source code on the Source Code Computer, it must give at least one business day (and at least 24 hours) notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer. The receiving party shall identify all individuals who will be given access to

the source code at least fourteen days prior to any inspection, after which time the producing party may object to providing source code access to any persons so identified.

viii. Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the secure facility or the Source Code Computer may be denied, at the discretion of producing party, to any individual who fails to provide proper identification.

The Source Code Computer shall be equipped to print copies of the source code on watermarked pre-Bates numbered paper, which shall be provided by the producing party. Counsel for the producing party will keep the originals of these printed documents, and copies shall be made for counsel for the receiving party on watermarked paper either at the time they are requested (if less than 100 pages) or within 48 hours (if more than 100 pages). Counsel for the receiving party may request up to 10 copies of printed source code. No more than 10% or 500 pages of the total source code for any software release may be in printed form at any one time, and all printed source code shall be logged by the receiving party as noted in paragraph xv below. The supplier may object to any request to deliver copies of printed source code as excessive and/or not done for a permitted

purpose. If such objection cannot be resolved by mutual agreement within five (5) business days it shall be submitted to the Court for resolution. In the event the request is for 40 continuous pages or less of source code, the supplier must deliver those pages to counsel for the receiving party within two (2) business days of the printing notwithstanding any such objection. In the event the request is for more than 40 continuous pages or represents 10% or more of a specific software release, the print out shall be presumed excessive and not done for a permitted purpose. If, after meeting and conferring, the supplier and the receiving party cannot resolve the objection, the supplier shall be entitled to seek the Court's resolution of whether the printed source code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the receiving party to demonstrate that such printed portion of the source code was no more than is reasonably necessary for a permitted purpose and not merely printed for the purpose of review and analysis elsewhere. In the event the request is for more than 40 continuous pages, and the parties are unable to resolve the supplier's objection via meeting and conferring, then at the supplier's discretion, no portion of the printed source code in question need by delivered to counsel for the receiving party until the issue is resolved by the Court. In the event the objection to print 40 continuous pages or less is sustained by the Court, the pages that were subject to the objection shall be returned to supplier within two (2) business days. If necessary, the receiving party may request, within 24-hours of day needed,

to print additional pages in excess of the 500 pages of total source code for a software release, which request the supplier shall not unreasonably deny.

i. In the event the request is for more than 40 continuous pages or represents 10% or more of a specific software release, the print out shall be presumed excessive and not done for a permitted purpose. The same guidelines set forth previously in this paragraph for the meet and confer process and any necessary involvement by the Court to resolve disputes relating to printed portions of the code shall apply. Any request for additional pages in excess of the 500 pages of total source code for a software release will be provided in no more than 500-page increments unless otherwise agreed to by the parties. One page of printed Source Code shall mean one column of Source Code printed on one single-sided sheet of paper measuring no more than 8 and 1/2 inches by 11 inches. In addition to other reasonable steps to maintain the security and confidentiality of the producing party's source code, printed copies of the source code maintained by the receiving party must be kept in a locked storage container when not in use. No additional electronic copies of the source code shall be provided.

ii. Other than in connection with pleadings filed under seal and depositions designated HIGHLY CONFIDENTIAL — SOURCE CODE, no subsequent copies shall be made of the printed copies provided by the producing party to the requesting party. Hard copies of the source code

also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology;

iii. No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room.

iv. The receiving party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the source code is provided and when it was first provided to that person, and within thirty days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving party must serve upon the producing party the log and either return the source code to the producing party, or certify the destruction of, all paper copies of the producing party's source code. In addition, all persons to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information or destroyed and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

v. Any expert consultant retained on behalf of receiving party who is to be given access to producing party's produced source code (whether in

electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to Java Hardware Acceleration technology for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case. This shall not preclude such expert consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to Java Hardware Acceleration technology.

vi. Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, or litigation.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

9. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY,” or “HIGHLY CONFIDENTIAL — SOURCE CODE” shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such inadvertently produced document(s). The producing party shall have to opportunity to reproduce or designate the returned documents with any of the aforementioned CONFIDENTIAL designations. The receipt of documents or information will not operate as an admission by the receiving party that any particular “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY,” or “HIGHLY CONFIDENTIAL — SOURCE CODE” contains or reflects trade secrets or any other type of confidential or proprietary information. Nothing herein shall prevent the receiving party from challenging the propriety of the designation of the documents by submitting a written challenge to the Court.

11. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the

producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such inadvertently produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

12. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or applicable local rules.

13. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

14. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

15. Upon termination of this action as to any one party by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall destroy or return the

Protected Documents to the counsel for party or parties disclosing or producing the Protected Documents. The party or parties receiving the Protected Documents may continue to retain and rely upon the Protected Documents and information therein to the extent that one or more of its experts has previously relied on the Protected Documents and information therein in forming their opinion, and that opinion and underlying documents continue to be relevant to the litigation or subsequent appeal. In addition, the party or parties receiving the Protected Documents may keep pleadings, disclosures required under the Patent Local Rules, and their attorney work product which refer or relate to any Protected Documents or information contained therein..

16. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. No individual who, on behalf of the Plaintiff, has had access to information designated as HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY or “HIGHLY CONFIDENTIAL — SOURCE CODE” by a Defendant may prosecute, supervise, or assist in the prosecution of any patent application on behalf of the Plaintiff involving the particular technology or information disclosed in the Protected Documents or “HIGHLY CONFIDENTIAL — SOURCE CODE for a period ending one (1) year after the final resolution of this litigation. For purposes of this paragraph, prohibited prosecution shall include, without limitation: invention identification, invention evaluation, the decision whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination,

reexamination, reissue, substitute, renewal or convention patent applications, claim drafting, drafting of any document to be filed with the United States Patents and Trademark Office or any foreign patent office, or consultation on any of the above matters with others performing these activities. Notwithstanding the foregoing, no individual subject to prohibited prosecution under this paragraph shall be precluded from performing, supervising, or consulting on routine, patent-related, administrative tasks on behalf of the Plaintiff (e.g., drafting and recording assignment documents, submission of maintenance fees, and drafting or filing requests for certificate(s) of correction).

18. This protective order shall afford all third parties who produce any Protected Documents the same protections afforded to the parties to this action. Specifically, third parties shall be entitled to mark any documents CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL — SOURCE CODE and shall also be able to designate any deposition testimony CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL — SOURCE CODE. The parties to this action will treat such marked information per the terms of the protective order. To the extent applicable, the remaining provisions of this protective order shall apply to third parties, including the designation HIGHLY CONFIDENTIAL — SOURCE CODE.

19. Before counsel for a party receiving Protected Documents may disclose any such material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL — SOURCE CODE to a proposed expert or consultant:

(i) Counsel shall provide a copy of this Protective Order to such person, who shall sign the Agreement attached hereto as Exhibit A; and

(ii) At least ten (10) business days before the first such disclosure, counsel for the receiving party shall notify the producing party in writing of the intent to disclose CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL — SOURCE CODE discovery material to such person. The notice shall include a copy of the agreement signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the receiving party. If the person is a consultant or testimonial expert, the notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment and/or consulting relationships. If the producing party objects to the disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL — SOURCE CODE material to such person, the producing party shall notify counsel for the receiving party in writing of the producing party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made. Any objection must be made for good cause, stating with particularity the reasons for the objection. Should the receiving party disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) business days, the receiving party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. The producing party shall have the burden of proof by a preponderance of the evidence

on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), the discovery material shall not be disclosed to the person objected to by the producing party.

20. In no case shall any information designated as CONFIDENTIAL INFORMATION by a Defendant be provided to any other Defendant or Defendant's in house counsel by any party or counsel absent explicit agreement from the Defendant designating the information. To the extent that information designated as CONFIDENTIAL INFORMATION by one Defendant is provided to any other Defendant's outside counsel by any party or counsel, the originally producing Defendant shall be given reasonable notice of such disclosure.

**So ORDERED and SIGNED this 1st day of June, 2012.**

RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**NAZOMI COMMUNICATIONS, INC.**

**V.**

**NOKIA CORP., et al.**

**NO. 5:10-cv-04686 RMW (HRL)**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ________________________________, hereby acknowledge that I am about to receive Protected Documents and information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

I certify my understanding that the Protected Documents and information are being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Protected Documents and information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all materials containing Protected Documents and information, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

Printed Name:________________________________

Company Name/Address/Phone:

____________________________________________

____________________________________________

____________________________________________

____________________________________________