United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAZOMI COMMUNICATIONS, INC., | Case No.: 10-CV-04686-RMW |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO STRIKE |
| v. | |
| NOKIA CORPORATION et al., | |
| Defendants. | **[Re Dkt No. 351]** |

Defendant Nokia Corporation ("Nokia") seeks to strike portions of plaintiff Nazomi Communications, Inc.'s ("Nazomi") preliminary infringement contentions ("PICs"). The court has heard the arguments of the parties and considered the papers submitted. For the reasons set forth below, the court denies the motion.

**I. BACKGROUND**

As discussed in the court's prior orders, Nazomi owns patents claiming an invention "capable of" executing stack- or Java-based instruction sets. *See* Dkt. No. 1, Ex. 1. Nazomi alleges that its patents are infringed by products containing certain ARM processor cores that include technology called "Jazelle." In its Second Amended Complaint ("SAC"), Nazomi asserts that the Nokia 6350 ("6350") cell phone incorporates an ARM processor core and infringes one or more claims of the patents-in-suit. *See* Dkt. No. 286.

On July 25, 2011, Nazomi served its PICs, listing the Nokia 6350 and forty-four other Nokia products as accused instrumentalities.[1] The PICs allege that "the Nokia devices, which include ARM processors with the Jazelle technology, are capable of executing register based instructions … and stack-based instructions." Dkt. No. 351, Ex. 1 at 2. The PICs also assert that "the exemplary Nokia 6350 … can execute … Java-based applications." *Id.* at 1.

In addition, the PICs include a screenshot of the "JBenchmark ACE testing result on the Nokia 6350," showing that the device is "Jazelle enabled." *Id.* at 2. As explained at oral argument, JBenchmark ACE is a computer program that can be helpful, but not conclusive, in determining whether a device uses the Jazelle architecture contained in the ARM core. Nazomi did not run the JBenchmark ACE test on any product other than the 6350.

On May 25, 2012, Nokia moved to strike Nazmoi's PICs, arguing that Nazomi failed to undertake a reasonable investigation as to whether any product other than the 6350 infringed its patents.

## II. DISCUSSION

Patent Local Rule 3–1 provides that a plaintiff in a patent infringement action must serve PICs setting forth "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and identifying for each claim "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party [claiming infringement] is aware." Patent L.R. 3–1(a) & (b). In order to satisfy Local Rule 3-1 and Fed. R. Civ. P. 11, PICs must "permit a reasonable inference that all accused products infringe." *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. 03-05709, 2004 WL 2600466, at \*2 (N.D. Cal. Nov. 10, 2004) (quoting *Antonious v. Spaulding & Evenflo Cos.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002)). A plaintiff must be able to show "why it believed before filing the claim that it had a reasonable chance of proving infringement." *View Engineering Inc. v. Robotic Vision Systems Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (applying Ninth Circuit law). However, a party claiming infringement does not have to "reverse engineer" every one of the accused products. *Id.*

---

[1] Nazomi's identification of accused instrumentalities lists 48 model names, but for the purposes of this motion, three pairs of products are treated as the same (N95 8GB/ N95-1, N81 8GB/N81, and 5800 Navigation Edition/5800 XpressMusic). *See* Dkt. No. 351.

CVH 2
Case No.: 10-CV-04686-RMW
ORDER DENYING DEFENDANT'S MOTION TO STRIKE

The court finds that Nazomi's PICs satisfy the requirements of Local Rule 3-1 and Rule 11. As Nazomi has emphasized throughout this litigation, because its patents claim an invention that is merely "capable of" conducting certain operations, its infringement case turns on the *presence* of Jazelle-circuitry in an accused product, not whether Jazelle is enabled. Nokia does not dispute that each of the products identified in the PICs contain Jazelle. Thus, while Nazomi may have been able to discern whether Jazelle was enabled by conducting further JBenchmark testing or consulting publicly available databases, the fact that each product contained Jazelle is enough to show a "reasonable chance of proving infringement" under Nazomi's current theory. *View Engineering*, 208 F.3d at 986.

Similarly, Nokia's assertion that many of the accused products are not Jazelle enabled does not warrant striking the PICs. The Patent Local Rules are "intended to hasten resolution on the merits, they are not a mechanism for resolving the merits of the parties' dispute." *FusionArc, Inc. v. Solidus Networks, Inc.*, No. 06-06760, 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007). The question of whether Nazomi's patents cover products that are not Jazelle enabled has been hotly debated, but it is not the proper subject of a motion to strike under Local Rule 3-1. Indeed, several dispositive motions, which the court is scheduled to hear on August 9, 2012, have been filed on the issue. Thus, while Nokia's contentions may ultimately prove correct, the court does not address them at this time.

### III. ORDER

For the foregoing reasons the court denies Nokia's motion to strike.

Dated:__7/16/12_____    _____
RONALD M. WHYTE
United States District Judge