**E-FILED on**   12/21/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAZOMI COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOKIA CORP., et al., <br><br> Defendant. | No. C-10-04686 RMW <br><br> **FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)** <br><br> **[Re: Dkt. No. 408]** |

On November 2, 2012, defendant Sling Media, Inc. ("Sling") moved for entry of a separate and final judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54(b). On December 17, 2012, defendants Western Digital Corporation and Western Digital Technology (collectively "WD") filed a statement of non opposition to "entry of judgment with respect to WD if the court grants Sling's motion and enters judgment." WD's Non Opp'n Statement 1, Dkt. No. 426. Based on the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court GRANTS Sling's motion.

## I. BACKGROUND

On March 14, 2012, defendants WD and Sling moved for summary judgment of noninfringement of Nazomi's asserted U.S. Patent No. 7,080,362 ("'362 patent") and U.S. Patent No. 7,225,436 ("'436 patent") on the ground that their accused products–WD's "MyBook World Edition" and Sling's "Slingbox Pro-HD"–were not "capable of" processing stack-based/Java instructions. Sling & WD's Mot. for Summ. J., Dkt. No. 334. The court denied the motion because "the court

[could] not address the capability issue without the benefit of a claim construction and more complete understanding of how defendants' products work." Order at 4, Dkt. No. 335. Accordingly, the court scheduled an expedited claim construction hearing on the limited issue of "whether the asserted claims require the patented central processing unit or system to have the ability to perform the recited functions (e.g., 'to execute,' 'to maintain,' 'to decode') without modification." Case Management Order ¶ 1, Dkt. No. 340. On July 2, 2012, defendants collectively filed a claim construction brief on the single issue stated above, Claim Construction Br., Dkt. No. 371, and defendants Sling and WD renewed their motion for summary judgment of noninfringement, Sling & WD's Renewed Mot. for Summ. J., Dkt. No. 368.

On August 14, 2012, the court issued an order construing the disputed claim language and granting Sling and WD's renewed motion for summary judgment of noninfringement. Claim Construction and Summ. J. Order ("*August 14, 2012 Order*"), Dkt. No. 394. This court construed Nazomi's asserted claims to cover "a hardware apparatus *configured to* process Java bytecodes *without modification* by an end-user." *Id.* at 8 (emphases added). The court held that WD's MyBook World Edition and Sling's Slingbox Pro-HD, respectively, do not infringe because: (1) "WD produced uncontroverted testimony that a hardware based JVM [(Java Virtual Machine)] 'was not stable enough' for use on the MyBook, and that it elected to employ a software-based solution instead"; and (2) "[t]he Slingbox does not use Java programs at all, and thus has no need for *any* JVM, let alone one that utilizes Jazelle." *Id.* at 9. The court rejected Nazomi's argument that the mere presence of Jazelle circuitry was sufficient to find infringement, explaining:

> In determining whether an accused product is "configured" to perform a claimed function, a court must consider the manner in which *that product* is actually used. . . . [T]he MyBook and Slingbox cannot process Java bytecodes in hardware when sold to consumers, nor can consumers enable Jazelle without first modifying the accused devices in a manner not contemplated by the moving defendants.

*Id.* at 10.

Sling seeks to make the *August 14, 2012 Order* a separate and final judgment under Rule 54(b). Sling's Mot., Dkt. No. 408.

## II. ANALYSIS

Rule 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In patent cases, Federal Circuit law applies to Rule 54(b) certification issues. *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003); *State Contracting and Eng'g Corp. v. Florida*, 258 F.3d 1329, 1334 (Fed. Cir. 2001). Rule 54(b) certification is proper where there is: (1) a final judgment; and (2) the district court determines that there is no just reason for delay of entry. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980); *W.L. Gore Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 861-62 (Fed. Cir. 1992). A final judgment is "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956). The parties do not dispute that the judgment with respect to Sling was a final judgment. The parties' dispute centers around the second factor: "whether there is any just reason for delay." *Id.* at 8.

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under . . . Rule [54(b)] is to act as a 'dispatcher'." *Id.* The district court is required to consider both (1) the "judicial administrative interests" weighing against "piecemeal appeals"; and (2) "the equities involved." *Id.* With respect to the first factor, an important consideration is whether an "appellate court would have to decide the same issues more than once . . . if there were subsequent appeals." *Id.* The district court should look to "the factual relatedness of [the] separate claims for relief . . . in deciding whether to exercise its discretion to certify an appeal." *W.L. Gore*, 975 F.2d at 864 (citing *Cold Metal Process v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956)).

Sling argues that: (1) "Nazomi's claims against Sling are severable because there is no substantial overlap between these claims and Nazomi's claims against the remaining defendants," Sling's Mot. 6 ("The court's rationale for granting Sling summary judgment was specific to the accused Sling product."); (2) there is very little likelihood that the Federal Circuit would have to decide the same issue again in any later appeal; and (3) the equities favor entry of final judgment

3

because Sling is currently being forced "to remain an unwilling participant in this litigation," causing Sling to incur additional costs and attorneys' fees, and requiring Sling's corporate parents "to continue disclosing this litigation as a potential liability in connection with financial reports until it is conclusively resolved," *id.* at 8; *see also* Sling's Reply Br. 4-5, Dkt. No. 422.

Nazomi counters that: (1) "the issues of claim construction and non[]infringement bear on all the defendants in this case," Nazomi's Opposition Br. 4-5 ("All of the remaining defendants in this case also have products that [include disabled Jazelle hardware]."); (2) "there is a substantial chance of re-litigation of the same issue, overcrowding of the appellate docket, and delay in the present case," *id.* at 4; and (3) the equities do not compel a decision in favor of Sling because "Sling has identified no harm that will come to it from remaining in the litigation outside of being an 'unwilling participant,'" *id.* at 5.

### A. Factual Relatedness and Chance of Multiple Appeals of the Same Issue

This court's *August 14, 2012 Order* effectively eliminated WD and Sling from the present case by holding that they do not infringe the '362 and '436 patents because their accused MyBook World Edition and Slingbox Pro-HD products do not contain "a hardware apparatus *configured to* process Java bytecodes *without modification* by an end-user." *August 14, 2012 Order* at 8 (emphases added). The court is not persuaded by Nazomi's argument that the same issues of claim construction and non[]infringement bear on all the defendants in this case. Although all remaining defendants in the case participated in the briefing with respect to the preliminary claim construction issue, *see* Defs.' Preliminary Claim Constr. Br., Dkt. No. 371, the ultimate judgment of noninfringement pertained specifically to the MyBook World Edition and Slingbox Pro-HD products, and did not decide any infringement issues with respect to any other defendant's accused device(s). Indeed, Nazomi and the remaining defendants have designated five claim terms in the '362 and '436 patents as case dispositive, none of which overlap with the claim construction issue decided in the *August 14, 2012 Order*. *See* Joint Claim Construction Statement, Dkt. No. 397; Defs.' Full Claim Constr. Br., Dkt. No. 409 (asserting proposed constructions for the following terms: "instructions," "processing the stack-based instructions including generating a second output," "execution unit" ('362 patent), "hardware accelerator to process stack-based instructions" ('436

patent), and "stack-based instructions"); *see also* Case Management Order and Scheduling Order, Dkt. Nos. 340, 401 (scheduling the November 28, 2012 full claim construction hearing). Defendant-Intervenors ARM, Ltd. and ARM, Inc. have also moved for summary judgment of noninfringement on behalf of all defendants on the ground that, under defendants' proposed claim construction of the term "instruction," none of the products in the litigation that contain an ARM processor core (i.e., *every* accused product) infringe. Defs.' Mot. for Summ. J. of Noninfringement, Dkt. No. 403. Any appeal with respect to that motion for summary judgment will be based on this court's construction of the term "instruction," a completely separate issue (both legally and facutally) from that decided in the *August 14, 2012 Order*. Accordingly, the court finds it highly unlikely that there would be a duplicative appeal with respect to the claim construction and noninfringement issue decided in the *August 14, 2012 Order*. In the unlikely event that there would be any overlap regarding this court's *August 14, 2012 Order* and the remaining parties in the litigation, the court believes that allowing an appeal to go forward would only benefit the remaining parties and the court by reducing the issues that remain in dispute. In the event the Federal Circuit affirmed this court's claim construction, issue preclusion would bar the relitigation of that construction, *see, e.g.*, *Abbott Labs. v. Impax Labs., Inc.*, 00-5092, 2003 WL 1563426, at *3 (N.D. Ill. Mar. 26, 2003) (holding that issue preclusion applies to claim construction), and if the Federal Circuit reversed, there is little to no chance that another defendant would relitigate the Federal Circuit's decision on a matter of law.

### B. Balancing of Equities

To the extent Sling argues that it will incur additional costs and attorneys' fees because "the litigation between Nazomi and the remaining defendants will involve issues, such as invalidity, which could implicate Sling's rights in the unlikely event the [c]ourt's Summary Judgement Order is overturned," Sling's Reply Br. 4, Sling would incur these costs regardless of whether it remains in the litigation. However, the court appreciates Sling's argument that simply remaining involved in litigation may be, in and of itself, a hardship where no legal or factual issues remain in dispute with respect to Sling and WD. *See, e.g.*, *Augme Techs., Inc. v. YahooA Inc.*, —F.R.D.—, 2012 WL 5349375, at *2 (N.D. Cal. Oct. 29, 2012) (considering the equities involved–but not specifying any

hardship in particular–and granting Augme's Rule 54(b) motion because, "even if the [asserted] patent and the Augme patents share common technology and products, Yahoo! has not identified one legal or factual issue the Federal Circuit will have to decide more than once"). Moreover, Sling alleges that its corporate parents are suffering hardship stemming from the continued reporting of this litigation as a potential liability.

Because the issues remaining in the case are unrelated to the legal and factual issues decided in the *August 14, 2012 Order*, there is little likelihood that the Federal Circuit would have to consider the same issue twice. Further, Sling alleges at least some hardship from remaining involved in this litigation. Accordingly, the court finds no just reason for delaying an appeal with respect to the *August 14, 2012 Order*. Because that order was a final decision with respect to both Sling and WD, the court grants final judgment with respect to both parties. Although WD did not appear at the hearing on this motion, it has since advised that it has no opposition to the entry of a separate judgment in its and Sling's favor at this time. WD's Non Opp'n Statement. On appeal, both Sling and WD will have the same interest in defending the claim construction decision upon which this court's noninfringement determinations were based. The court finds no just reason for delay with respect to either party.

### III. ORDER

For the foregoing reasons, the court grants final judgment under Rule 54(b) with respect to Sling and WD.

DATED: December 21, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

6